[No. 2745. Decided April 23, 1898.]

## S. L. CONKLIN, *Respondent*, v. ALEXANDER BUCKLEY *et ux.*, *Appellants.*

MORTGAGES — FORECLOSURE — ESTOPPEL — ASSIGNMENT.

Where defendants in an action for the foreclosure of a mortgage are given the privilege of electing which one of two instruments given upon the same property to secure the same debt shall be foreclosed, they cannot raise the defense that the instrument chosen by them had been surrendered and canceled.

Where suit has been instituted by an assignee to foreclose a mortgage which had been duly transferred to him, and the defendant, having been given an election between two instruments given for the same debt, chooses the one for foreclosure which had not been assigned, equity would look to the substance of the matter and treat the assignment as covering the mortgage so selected by the defendant.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Reversed.

*James Dawson,* for appellants.

*Jerry E. Bronaugh (George W. Hazen,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—A complicated state of affairs is presented by the record in this action, but it will not be necessary to set forth particularly all of the matters discussed in the briefs, and the following is a sufficient statement to present the substance of the controversy. The defendants executed to the Jarvis-Conklin Mortgage Trust Company a mortgage upon certain lands to secure a note in the sum of $1,400, bearing date of April 3, 1889, providing for interest at the rate of ten per cent. per annum from date. For some reason the company objected to the form of these instruments, and by virtue of an agreement entered into between the parties they were surrendered and the record of the mortgage canceled in consideration of the execution of another set of instruments for the same debt, but in a different form; a note or bond in the sum of $1,650 was executed, bearing date as of the first day of January, 1889, and providing for interest at the rate of six per cent. per annum, payable semi-annually from said date until its maturity five years thereafter, according to ten coupons attached, with a provision for interest at the rate of twelve per cent. per annum in case of non-payment, etc., and they executed a real estate mortgage upon the same property to secure the payment of it. The complaint in this action sets up these latter instruments and alleges an assignment thereof to the plaintiff, and prays for foreclosure. The answer set up the giving of the note and mortgage in the sum of $1,400 as aforesaid and alleged its cancellation, and also alleged that there was no consideration for the second set of instruments, but it was shown that they were all given for one and the same debt, and it appears without any real controversy that the consideration for the surrender of the first instruments was the execution of the second. In consequence of several objections being raised upon the trial by the defendants to

the second set of instruments, such proceedings were had that the defendants were allowed to elect which one of the two mortgages should be foreclosed, and they elected to have the one foreclosed which was first executed to secure the note for $1,400, and they have appealed from the decree against them. One of the contentions is that it was not within the power of the court to decree a foreclosure of this mortgage because it had been surrendered and canceled; in other words, that the defendants were not bound by their election and could not confer any power upon the court to foreclose it. A question was raised also as to the sufficiency of the proof of the assignment to the plaintiff, but it was competent to show a transfer to him of the note and mortgage declared upon in the complaint, and the prior note and mortgage which the defendants elected to be bound by having been given for the same debt as the one alleged in the complaint, but in a different form, equity would look to the substance of the matter and regard the first instrument as assigned to the plaintiff. Some other questions were raised as to the validity of the mortgage first executed, relating to the manner and sufficiency of its execution, but it is unnecessary to set them forth. Under the proceedings and proof shown there was no merit in any of the defenses alleged, and the defendants having elected in the action to be bound by the first mortgage were bound by it, and no room is left to question the plaintiff's right to recover. The defendants got all that they were entitled to when they were allowed to elect between these instruments, but it appears that the court thereafter rendered judgment for too large a sum. Judgment was given for $1,400 with interest thereon at ten per cent. per annum from April 3, 1889, the time that note was executed. It is shown that certain payments had been made by the defendants, which had been credited upon the instruments described in the complaint.

There seems to be some controversy as to the aggregate amount, viz., whether it was $450 or $495, and it does not appear clearly at what times said payments were made, but we understand it to be conceded that they were made to take up the six per cent. coupons on the note for $1,650, and that those were all paid at or about their maturity. But in its judgment the court allowed interest upon the $1,400 note up to the time of the decree and only deducted the amount of these payments without allowing any interest thereon, which would make a substantial difference between the amount so found and that justly due. This is practically conceded in respondent's brief, and he says if this court should find the decree excessive, he consents to a modification. If there is proof in the record to determine the actual amount due it has not been called to our attention and we will not investigate it, but will remand the cause to the lower court with instructions to set aside the decree and all proceedings thereunder, and render a new one in favor of the plaintiff for the amount due after crediting the defendants on the $1,400 note with the amount of the payments made at the time they were made, and proofs may be taken to determine the same, if necessary. The appellants will recover costs from the time the decree appealed from was rendered, and the costs of this appeal.

Reversed and remanded accordingly.

ANDERS, DUNBAR, REAVIS and GORDON, JJ., concur.